**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SIMONE SAMUELS | ) | Case No. |
| Plaintiff, | ) | |
| v. | ) | COMPLAINT |
| | ) | JURY TRIAL DEMAND |
| CITY OF NEW YORK; | ) | |
| NEW YORK CITY DEPARTMENT | ) | |
| OF TRANSPORTATION | ) | |
| Defendants. | ) | |

_____

**PRELIMINARY STATEMENT**

1.      Simone Samuels, one of the few female employees at the Department of Transportation was physically and sexually assaulted at work by her fellow employees. The DOT knew of these assaults and hostile actions and did little to nothing to prevent the constant harassment and abuse she endured.  Due to the negligence of the DOT, Plaintiff suffered an injury which caused her to be discriminated at work based upon her disability.  Plaintiff seeks damages for the pain and suffering she endured while employed with Defendant.

2.      This action is brought pursuant to the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203,

1

New York State Human Rights Law, Executive Law 290, *et seq.*, the New York City

Administrative Code Title 8, and any other cause of action which can be inferred from

the facts set forth herein to redress discrimination, retaliation, negligence and hostile

work environment to which Plaintiff was subjected to  during the court of her

employment with DEFENDANT.


**JURISDICTION AND VENUE**

3.      The Court has jurisdiction over Plaintiff's federal claims pursuant to 28

U.S.C. §§ 1331 and over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue lies in the Southern  District of New York under 28 U.S.C.§ 1391(b)(2)

because a substantial part of the events giving rise to Plaintiff's claim occurred in the

District.

5.      Plaintiff submitted a Charge Letter to the EEOC and a case was opened

under EEOC charge letter 520202101082.

6.      After more than 180 days elapsed since the Commission took jurisdiction

over the charge, and since no suit had been filed by the EEOC, Plaintiff's counsel

requested a right to sue letter.

7.      The EEOC provided this right to sue letter on December 07, 2021 and this

lawsuit was commenced within 90 days of receipt.

**PARTIES**

8.      Plaintiff Simone Samuels is—and, at all times discussed herein, was—a resident of Bronx, New York.

9.      Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. Defendant City of New York can be sued in its own name. Defendant City of New York is authorized by law to maintain a department of transportation—the New York City Department of Transportation—which acts as its agent in the area of Transportation and for which it is ultimately responsible.

**JURY DEMAND**

10.     Plaintiff Simone Samuels demands a jury trial.

**STATEMENT OF FACTS**

11.     Ms. Samuels started working at the Department of Transportation in 2010 as a construction worker in the SIM sector.  Ms. Samuels was one of the few female employees in the DOT.

12.     Throughout the course of her employment, Ms. Samuels suffered constant and consistent harassment due to her gender.

13.     In March 2017, a co-worker sexually assaulted Ms. Samuels by placing his hands under her buttocks and massaging it as Ms. Samuels walked into a truck.  Prior to the assault on Ms. Samuels, the co-worker attempted to strike another female employee with the door of a car. No action was taken against this co-worker as a result of striking

Case 1:22-cv-01904-JAV-BCM    Document 1    Filed 03/06/22    Page 4 of 9


another female with a car door, emboldening him to feel he could attack Ms. Samuels

without repercussion.

14.    In response to the Assault, Ms. Samuels filed a formal complaint with the

DOT.  It took nine months and multiple complaints against the co-worker in order for

DOT to terminate him.

15.    The, in 2018, another co-worker (Worker 2) head-butted Plaintiff, causing

significant amount of pain and medical treatment.  Worker 2 was not terminated by

DOT.

16.    On January 21, 2020,  another co-worker (Worker 3), shoved Ms. Samuels

against the wall, screaming and cursing in front of her face.  Other co-workers had to

physically force Worker 3 off of her.

17.    After the Assault from Worker 3, Worker 3 continued to make aggressive

comments, physically tower over her, and threaten her.  As a result, Ms. Samuels felt

uncomfortable and scared for her safety at work.

18.    Ms. Samuels filed a Complaint against Worker 3.  Once the matter was

investigated, Plaintiff was moved to a new yard to work.  However, Ms. Samuels and

Worker 3 were on the same job sites, allowing Worker 3 the opportunity to continue to

harass her – which he did.

19.    Due to Ms. Samuels legitimate fear for her safety, she requested multiple

transfers out of the unit.  Despite her requests, which were supported by her supervisor,

her transfer was denied by the Deputy Commissioner.

20.     Adding insult to injury, the Advocate's office recommended that Ms. Samuels pay restitution to Worker 3 even after being a victim of a vicious attack.

21.     On February 08, 2021, Plaintiff's Supervisor asked her to move several 50 pounds bags of sale while Plaintiff was performing snow removal.  While Plaintiff was removing the 50 lb bag, Plaintiff felt a pop and terrible pain in her shoulder.

22.     Despite informing Plaintiff's Supervisor that her shoulder was in terrible pain, she was not permitted to stop working.  Only when the Supervisor's boss was called, EMS was called and taken to the hospital.   It was revealed that Plaintiff had a torn rotator cuff.

23.     Despite this injury, Plaintiff was not offered any change in duties and responsibilities.

24.     Then, Plaintiff injured her hop on March 25, 2021, while under the direction of the same supervisor.  Plaintiff was injured by a co-worker who was untrained in how to handle an attenuator and therefore operated it negligently.

25.     Testing revealed that Plaintiff required a hip replacement.

26.     Though these injuries caused significant restrictions to her physical ability, Plaintiff was not offered any change in duties or transfer to another department.

27.     Plaintiff explicitly requested and was rejected a transfer to accommodate her disability.  The DOT summarily denied the request and refused to engage in any

5

interactive process to determine whether any accommodation was available to her.

28.     Plaintiff made repeated requests to have an accommodation for her disability, where were all denied.  On July 22, 2022 the DOT informed Plaintiff they would not make any accommodations.

29.     Finally, on August 4, 2021, after Ms. Samuels was represented by counsel (not current counsel of this action), DOT finally instructed Plaintiff to fill out paperwork for an accommodation.  This occurred six months after the request.

30.     During this entire time, Plaintiff has been harassed and threatened by her supervisor.  Plaintiff's supervisor has threatened to put her on the attenuator, the vehicle which caused her original injuries, and attempted to assign her multiple times.  Plaintiff is denied breaks, and Plaintiff's supervisor keeps insisting that Plaintiff will have to lift the 50 pound bags of salt.

31.     Plaintiff is also being written up for minor violations in order to potentially justify an unfair and unjust termination.  Which, thankfully, has not happened yet.

32.     Plaintiff finally received a reasonable accommodation on January 28, 2022.  However, this "accommodation" caused additional injury to Plaintiff as she had to stand all day on a broken hip.

33.     Finally, Plaintiff was granted a proper reasonable accommodation on February 22, 2022, where she was given 100% desk duty.  The delay in causing this

6

accommodation has caused immense pain and suffering and may have resulted in additional medical care and treatment.

34.     None of the aforementioned acts   were protected by legal privilege, nor were such acts legally justified. Said occurrence and the injuries and damages sustained by claimant were due solely to the negligence, carelessness, recklessness and willful misconduct of the CITY OF NEW YORK, its agents, servants and/or employees.

35.     As a result of the defendants' conduct, plaintiff has been caused to suffer, *inter alia*, severe anxiety, humiliation, and embarrassment, damage to personal reputation, physical injury, apprehension, , emotional and psychological trauma, loss of income, and violation of rights under the New York Constitutions, and applicable statutory and case law.

[REMAINDER INTENTIONALLY LEFT BLANK]

## CLAIMS FOR RELIEF

### Claim I: Disability Discrimination, Retaliation, Negligence, and Hostile Work Environment

*Against Defendant City of New York under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203, New York State Human Rights Law, Executive Law 290, et seq., the New York City Administrative Code Title 8*

36.    Plaintiff realleges the preceding paragraphs as if set forth here.

37.     This action is set forth herein to redress discrimination, retaliation, negligence and hostile work environment brought and any other cause of action which can be inferred from the facts set to which Plaintiff was subjected to during the course of her employment with DEFENDANT.

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

a.  Compensatory damages in an amount to be determined at trial;

b.  Reasonable costs and attorneys' fees under 42 U.S.C. § 1988 and NYC Administrative Code Title 8 ;

c.  Pre- and post-judgment interest to the fullest extent permitted by law; and

d.  Any additional relief the Court deems just and proper.

DATED: this 6th Day of March 2022                 New York, New York

Yours, etc.

Lord Law Group PLLC

_____
Masai I. Lord
14 Wall St., Ste 1603
New York, NY 10279
718-701-1002

*Counsel for Plaintiff Simone Samuels*

9