UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIMONE SAMUELS,

    Plaintiff,

-against-

CITY OF NEW YORK,

    Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/23/25
```

22-CV-01904 (JAV) (BCM)

**DISCOVERY AND SCHEDULING ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record during today's discovery conference:

1. Defendant's motion to compel written discovery (Dkt. 86) is GRANTED IN PART and DENIED IN PART, as follows:

    a. **Medical Records.** Defendant's request to compel plaintiff to produce HIPAA releases for additional medical providers is DENIED. However, plaintiff must promptly provide updated HIPAA releases for the six already identified providers with broadened date ranges, from January 1, 2016 to the present.

    b. **Electronically Stored Information.** No later than **April 30, 2025**, plaintiff must provide an updated response to defendant's supplemental ESI Requests (Dkt. 86-7) 1 through 3, including all sub-parts, on an account-by-account basis, and in full compliance with Fed. R. Civ. P. 34(b)(2). If and to the extent plaintiff represents that she (i) does not have access to any particular account or (ii) the contents of an account are no longer retrievable, she must provide account identifying details (such as the username or associated email address) so that defendant, if necessary, may subpoena the account provider.

2. With respect to plaintiff's motion to compel written discovery (Dkt. 92), the Court sets the following schedule:

   a. No later than **April 29, 2025**, the parties must meet and confer regarding the eleven categories of documents requested by plaintiff.

   b. Defendant's letter in response to plaintiff's motion is due no later than **May 2, 2025**. In that letter, defendant must update the Court as to what issues, if any, still remain in dispute, and present its arguments as to those issues.

   c. Plaintiff's reply, if any, is due no later than **May 8, 2025**.

3. Defendant's request for a protective order with respect to the deposition testimony of two former Department of Transportation (DOT) officials (*see* Dkts. 71, 75, 77) is GRANTED. Conversely, plaintiff's cross-motion to compel such deposition testimony (Dkt. 76) is DENIED.

4. With respect to plaintiff's Rule 30(b)(6) deposition notice, seeking testimony as to certain DOT policies:

   a. The parties must meet and confer regarding the narrowing and/or clarifying of plaintiff's Rule 30(b)(6) notice no later than **April 29, 2025**. Prior to that meet-and-confer, plaintiff must forward a proposed revised notice to defendant's counsel for discussion.

   b. After the parties have met and conferred, plaintiff must promptly serve her revised Rule 30(b)(6) deposition notice.

   c. Any remaining disputes regarding the Rule 30(b)(6) deposition may be addressed to the Court in accordance with Moses Ind. Prac. §§ 1(b), 2(b), 2(e).

5. With respect to the remaining discovery schedule, it is further ORDERED that:

   a. All remaining fact discovery must be completed no later than **June 13, 2025**.

   b. Expert disclosures, including all affirmative expert reports, must be served no later than **July 11, 2025**.

   c. Expert rebuttal reports, if any, must be served no later than **August 15, 2025**.

   d. Expert depositions, if any, must be completed no later than **September 12, 2025**.

   e. The close of all discovery is **September 12, 2025**.

   f. The Court will hold a status conference on **September 25, 2025, at 11:00 a.m.**, in Courtroom 20A, 500 Pearl Street, New York, NY 10007. The parties' joint status letter is due no later than **September 19, 2025**.

The Clerk of Court is respectfully directed to close the motions at Dkts. 71, 73, 77, 86, and 92.

Dated: New York, NY        SO ORDERED.
       April 23, 2025

_____
**BARBARA MOSES**
**United States Magistrate Judge**