USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/22/25__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIMONE SAMUELS,

    Plaintiff,

-against-

CITY OF NEW YORK,

    Defendant.

22-CV-01904 (JAV) (BCM)

**DISCOVERY AND SCHEDULING ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record during today's discovery conference, the parties' cross-motions to compel discovery (Dkts. 92, 96, and 99) are GRANTED IN PART and DENIED IN PART, as follows:

**Plaintiff's Post-Deposition Requests for Production (RFPs)**

1.   **RFP 6**. Defendant must conduct a new search of plaintiff's former work email account, reasonably designed to locate any communications relating to a note from plaintiff's doctor stating that she needed to be in modified work, and produce any responsive documents so located. The search must be completed within **two weeks** after plaintiff's counsel provides proposed search terms for that purpose. If no responsive documents are located as a result of the renewed search, defendant must update its written response to RFP 6 accordingly.

2.   **RFPs 8-10**. No later than **June 5, 2025**, defendant must update its written responses to RFPs 8-10 to clarify (a) that it has (in its view) conducted one or more searches reasonably designed to locate documents responsive to these requests, and (b) that no responsive documents (beyond those already produced) were found.

3.   **RFP 11**. No later than **June 5, 2025**, defendant must conduct a new search for any training materials received by or presented to Shaun Scott regarding what to do if he received a "reasonable accommodation" request. The scope of this search is limited to the last such

training Mr. Scott received prior to the date on which the note from plaintiff's doctor was (or may have been) sent.

### HIPAA Releases

4. No later than the close of business on **May 23, 2025**, plaintiff must send defendant's counsel either (a) a current and valid power of attorney authorizing plaintiff's counsel to sign the six most recent HIPAA releases produced to defendant, or (b) six new HIPAA releases personally signed by plaintiff.

### Electronically Stored Information (ESI)

5. **ESI Requests No. 1 & 3**. No later than **June 5, 2025**, plaintiff must provide defendant with updated responses to ESI Requests No. 1 & 3, deleting any objections that are inconsistent with this Court's April 23, 2025 Order (Dkt. 93 ¶ 1(b)) and including all of the social media platforms specified in the requests (*e.g.*, GroupMe). Additionally, with respect to *each subpart* of Requests No. 1 & 3:

    a. Plaintiff must expressly state whether she (a) previously used, (b) currently uses, or (c) has never used an account with the specified provider or on the specified platform (whether or not the account is or was in her name);

    b. To the extent plaintiff previously used or currently uses an account with that provider or on that platform but does not now have access to it, she must explain why she does not have access; and

    c. To the extent plaintiff does not have access to a particular account, she must provide account-identifying information, including its name, username, or "handle," the full name of the account holder, and the email address (including any backup or "recovery" email address) associated with that account, sufficient

2

for defendant to subpoena the provider.

As to the family email account and Instagram account listed in plaintiff's supplemental responses (Dkt. 96-6 at ¶¶ 1-2), plaintiff is reminded that if she *does* have access to these accounts, she must conduct the requested searches.

6. **ESI Request No. 2**. No later than **June 5, 2025,** plaintiff must conduct the search requested by No. 2, produce any responsive documents, and update her written response accordingly.

### Deadlines

If a party cannot meet any of the deadlines set forth above, that party must promptly advise opposing counsel of the difficulty – as soon as the problem becomes apparent – and attempt in good faith to agree upon a reasonable extended schedule. The parties are reminded that fact discovery closes on June 13, 2025. (Dkt. 93 at ¶ 5(a).)

### Discovery Schedule

The Court will hold a status conference on **June 30, 2025 at 12:00 p.m.** in Courtroom 20A, 500 Pearl Street, New York, New York 10007. No later than **June 25, 2025**, the parties must submit a joint letter updating the Court on the status of fact discovery; the scope of their anticipated expert discovery, if any; and their proposals for managing and sequencing their anticipated motions for summary judgment.

Dated: New York, NY  
       May 22, 2025

**SO ORDERED.**

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**

3