```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  11/21/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIMONE SAMUELS,

        Plaintiff,

-against-

CITY OF NEW YORK,

        Defendant.

22-CV-01904 (JAV) (BCM)

**ORDER DENYING STAY PENDING RULE 72 OBJECTION**

**BARBARA MOSES, United States Magistrate Judge.**

On November 14, 2025, I issued a Memorandum and Order (Mem. & Order) (Dkt. 127) granting in part defendant's motion to preclude the expert testimony of Dr. Louis Rose, one of plaintiff's treating physicians. Specifically, I ruled that Dr. Rose "may not testify as an expert witness," but "may testify as a fact witness," and in that capacity may offer "opinions regarding plaintiff's condition, diagnosis, treatment and prognosis, including opinions as to causation," so long as "his testimony is based upon his own observations during his treatment of plaintiff, and his opinions were formed in the course of that treatment." Mem. & Order at 20. I then directed plaintiff to produce: "(i) . . . medical records, including the records of her hip replacement surgery and post-surgical rehabilitation, from January 1, 2016 to the present; (ii) all of her correspondence, and her attorney's correspondence, with Dr. Rose; and (iii) her deposition testimony in *Samuels v. Zelicof*, as well as her bill of particulars and any other litigation documents that set out plaintiff's factual contentions in that action and were exchanged among the parties thereto" but are not publicly available. *Id*. The documents must be produced by December 5, 2025. If, however, "the medical records are not within [plaintiff's] possession, custody and control," the Court required her to provide defendant with HIPAA-compliant releases within one week, that is, by today. *Id*. at 21.

Plaintiff now moves for a stay of the Memorandum and Order pending the District Judge's decision on the objection that she intends to file pursuant to Fed. R. Civ. P. 72(a). (Dkt. 128.)

The two "most critical" factors that courts consider when presented with such motions are: (i) whether the movant is likely to succeed on the merits of her anticipated objections, and (ii) whether she is likely to suffer irreparable injury in the absence of the requested stay. *In re Terrorist Attacks on Sept. 11, 2001*, 2023 WL 171128, at *1 (S.D.N.Y. Jan. 12, 2023) (citation omitted); *see also*, *e.g.*, *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 2021 WL 1080673, at *2 (S.D.N.Y. Mar. 5, 2021). Here, plaintiff's motion (which is two sentences long) makes no showing as to either factor. It does not even identify the grounds on which plaintiff intends to object to this Court's decision. That is reason enough to deny the stay motion.

Moreover, as explained in the Memorandum and Order, plaintiff agreed, during the briefing and argument of the motion to preclude, that Dr. Rose's opinions would be based on his own examinations and treatment of plaintiff. *See* Amend. Exp. Discl. (Dkt. 116-2) at ECF p. 2 (representing that "Dr. Rose will **not** testify to the treatment she received from Dr. Zelicoff [*sic*] nor any other Doctor"); Pl. Opp. (Dkt. 125) at ECF pp. 3-6 (denying that Dr. Rose's opinions would be based on the records of other medical providers and arguing that his own examinations of plaintiff, over six visits, provided "more than enough information for Dr. Rose to formulate his opinion"); *id*. at ECF p. 6 (representing that Dr. Rose's testimony would be "strictly . . . limited to what he observed and found out during the course of his treatment"); Mem. & Order at 8 (noting that plaintiff's counsel advised the Court, during a September 26, 2025 discovery conference, that he had "no problem" providing releases for plaintiff's other medical records if the Court deemed it necessary). It is thus difficult to understand what in the Memorandum and Order plaintiff finds objectionable, much less why she believes she is likely to succeed on her objection or suffer irreparable injury absent a stay.

I note as well that plaintiff's only *immediate* obligation is to produce her complete medical records (or HIPAA-compliant releases with respect to the records still outstanding) and the relevant materials from *Samuels v. Zelicof*, which is a medical malpractice case that plaintiff filed against the surgeon to whom Dr. Rose referred her for a hip replacement procedure. *See* Mem. and Order at 3, 17 (explaining that, in her malpractice action, plaintiff alleges that her "significant and disabling injuries" were "caused solely" by Dr. Zelicof's negligence). Nothing in the Memorandum and Order prevents plaintiff from contesting the admissibility of those records for purposes of summary judgment or trial.

Since plaintiff has made no showing that she is likely to succeed on the merits of her future objection or that she faces "irreparable" injury in the near term, her motion for a stay pending the resolution of that objection is DENIED. The Clerk of Court is respectfully directed to close the motion at Dkt. 128.

Dated: New York, NY  
       November 21, 2025

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**