UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    12/22/25
```

| | |
|---|---|
| SIMONE SAMUELS, | |
| Plaintiff, | 22-CV-01904 (JAV) (BCM) |
| -against- | **ORDER** |
| CITY OF NEW YORK, | |
| Defendant. | |

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff having failed to produce the discovery required by this Court's November 14, 2025 Memorandum and Order (11/14/25 Order) (Dkt. 127) on the schedule set out in that Order; both parties having failed to submit a timely joint letter proposing a "schedule for the remainder of expert discovery . . . and summary judgment," as required by the 11/14/25 Order (at 21); and the Court having received separate letters from the defendant and the plaintiff (Dkts. 134, 138),[1] leaving the Court uncertain as to whether plaintiff still intends to call Dr. Louis Rose as a witness to offer medical opinions (as limited by plaintiff's amended witness disclosure (Dkt. 116-2) and the 11/14/25 Order):

NOW THEREFORE, it is hereby ORDERED that no later than **January 15, 2025**, the parties must submit a *joint* letter in which they update the Court as to their progress in complying with the 11/14/25 Order and propose a schedule for the remainder of expert discovery and summary judgment. In particular, the parties must advise the Court:

(a)     whether plaintiff still intends to call Dr. Rose as a witness to offer medical opinions;

(b)     whether defendant still intends to take Dr. Rose's deposition, and, if so, what additional documents defendant requires before doing so;

---

[1] Defendant's letter was improperly docketed as a letter-motion, although it does not request any relief from the Court.

(c)     whether defendant intends to offer any expert testimony and, if so, for what

purposes; and

(d)     whether plaintiff, defendant, or both anticipate filing summary judgment motions

and, if so, as to what claims or issues.

If the parties again fail to propose a specific schedule for the remainder of expert discovery and

summary judgment, the Court will devise a schedule for them.

In light of plaintiff's failure to timely produce the relevant records from plaintiff's

malpractice case against Dr. Zelicof, it is further ORDERED that *if* those records are not produced

by **January 8, 2025**, and *if* defendant thereafter serves a subpoena on plaintiff's malpractice

attorney or other third parties to obtain those records, the costs necessarily incurred in that effort,

including reasonable attorneys' fees, will be borne by plaintiff.

The Clerk of Court is respectfully directed to close the motion at Dkt. 134.

Dated: New York, NY                        **SO ORDERED.**
       December 22, 2025

_____
**BARBARA MOSES**
**United States Magistrate Judge**

2