```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
SIMONE SAMUELS,                                                   :
                                                                  :
                               Plaintiff,                         :   22-CV-01904 (JAV)
                                                                  :
               -v-                                                :   MEMORANDUM OPINION
                                                                  :        AND ORDER
CITY OF NEW YORK,                                                 :
                                                                  :
                               Defendant.                         :
                                                                  :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Simone Samuels ("Plaintiff"), a former employee of the New York City Department of Transportation (DOT), alleges that the City of New York ("Defendant") unlawfully failed to provide her with reasonable accommodations in a timely manner after a workplace injury. *See* ECF No. 20, ¶¶ 40-47, 53. This matter has been referred to Magistrate Judge Barbara C. Moses for general pretrial supervision. ECF No. 41. On November 14, 2025,[1] Magistrate Judge Moses issued a Memorandum and Order in which she granted in part Defendant's Motion to Strike the expert testimony of Dr. Louis Rose and to preclude him from testifying as an expert. ECF No. 127 ("Order").

Presently before the Court are Plaintiff's objections to the Order pursuant to Federal Rule of Civil Procedure 72(a). ECF No. 130 ("Objection" or "Obj."). For the following reasons, Plaintiff's Objection is overruled and the Magistrate Judge's Order remains in full effect.

---

[1] Magistrate Judge Moses's Order was filed on November 14, 2025, but modified on November 17, 2025.

**BACKGROUND**

The general factual allegations and procedural history underlying Plaintiff's motion are set forth in Magistrate Judge Moses's Order, familiarity with which is presumed for the purposes of this memorandum opinion and order. In the Order, Magistrate Judge Moses granted in part Defendant's Motion to Strike, ECF No. 116, because Plaintiff's expert disclosure did not satisfy the requirements of Federal Rule of Civil Procedure 26(a)(2)(C)(ii). Order at 17, 20. Accordingly, Magistrate Judge Moses ordered that "Dr. Rose may not testify as an expert witness, but he may testify as a fact witness" and clarified the scope of Dr. Rose's permissible testimony as a fact witness. *Id.* at 20. As a prerequisite to Dr. Rose offering any opinion testimony "regarding [P]laintiff's condition, diagnosis, treatment[,] and prognosis, including opinions as to causation" in his capacity as a fact witness, however, Magistrate Judge Moses also ordered Plaintiff to disclose:

> (i) all of her medical records, including the records of her hip replacement surgery and post-surgical rehabilitation, from January 1, 2016 to the present;
>
> (ii) all of her correspondence, and her attorney's correspondence, with Dr. Rose; and
>
> (iii) her deposition testimony in *Samuels v. Zelicof*, as well as her bill of particulars and any other litigation documents that set out plaintiff's factual contentions in that action and were exchanged among the parties thereto, but are not publicly available through the New York State Unified Court System website.

*Id.*

**LEGAL STANDARDS**

Under Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide," the district judge "must consider timely

2

objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A ruling is clearly erroneous where, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Sportvision, Inc. v. MLB Advanced Media, LP*, No. 18-CV-3025 (PGG), 2025 WL 1883367, at *6 (S.D.N.Y. July 8, 2025) (cleaned up) (quoting *United States v. Chowdhury*, 639 F.3d 583, 585 (2d Cir. 2011)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *Id.* (cleaned up).

Since "[t]he decision to admit or exclude expert testimony is considered non-dispositive of an action," this standard applies here. *BS BIG V, LLC v. Philadelphia Indem. Ins. Co.*, No. 19-CV-4273 (GBD) (SLC), 2022 WL 4181823, at *2 (S.D.N.Y. Sept. 13, 2022) (citations omitted). "This standard of review is highly deferential." *Id.* at *3 (cleaned up).

"Additionally, Rule 72(a) precludes the district court from considering arguments that were not presented to the magistrate judge." *Id.* (cleaned up). Accordingly, "new arguments and factual assertions cannot properly be raised for the first time in objections to a magistrate judge's [memorandum and order], and indeed may not be deemed objections at all." *Id.* (cleaned up).

## DISCUSSION

Pursuant to Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), Plaintiff presents four primary objections to the Order. *See* Obj. at 4-13. First, Plaintiff argues that admitting Dr. Rose's expert testimony is substantially justified under Federal Rule of Civil Procedure 37(c)(1) because doing so would not prejudice Defendant. *Id.* at 4-7. Second, Plaintiff argues that her expert disclosure is sufficient under Rule 26(a)(2)(C) because any deficiencies identified by Magistrate Judge Moses "represent undue detail." *Id.* at 8. Third, Plaintiff argues that the Order is clearly erroneous to the extent it conditions Dr. Rose's testimony on the production of additional

discovery, both because it based upon the erroneous premise that Dr. Rose will testify as to causation, *id.* at 9-10, and because the additional discovery is unduly burdensome, *id.* at 11-12. Fourth, Plaintiff argues that, if the Order is affirmed, then Plaintiff should be granted thirty days to retain another expert because Defendant would not suffer prejudice. *Id.* at 12-13. None of Plaintiff's arguments, however, satisfy either the clearly-erroneous or contrary-to-law standards required to overturn Magistrate Judge Moses's well-reasoned and thoroughly detailed Order.

      Plaintiff's first argument fails because it relies on arguments that were not presented to Magistrate Judge Moses. In her original opposition to Defendant's Motion to Strike, Plaintiff primarily argued that Dr. Rose's testimony should not be precluded under Rule 37(c)(1) because Plaintiff's expert disclosure complied with Rule 26(a)(2). ECF No. 125 at 5-6. In her Objection, Plaintiff now argues that Dr. Rose's expert testimony should not be precluded under Rule 37(c)(1), even if deficient, because admitting such testimony would not prejudice Defendant. Obj. at 5. Plaintiff presents details regarding prior notice that were purportedly provided to Defendant years prior regarding the nature of Dr. Rose's testimony. *Id.* Yet none of this was in the opposition papers presented to the Magistrate Judge. *See generally* ECF No. 125. Plaintiff further contends that, in light of this notice, the Magistrate Judge erred by not affording her an opportunity to amend or supplement her expert disclosure. Obj. at 5. But again, Plaintiff did not seek leave to supplement or amend her expert disclosure before the Magistrate Judge. *See generally* ECF No. 125. The Magistrate Judge's Order was not clearly erroneous or contrary to law for failing to grant relief that was not requested or failing to address arguments that were not made.

      Plaintiff's second argument fails to meaningfully address the Order's well-reasoned conclusion that Plaintiff's expert disclosure was insufficiently detailed under Rule

26(a)(2)(C)(ii).  Besides attempting to distinguish her action from the Order's cited decisions by noting that those decisions were decided on the eve of trial, Obj. at 6-7, Plaintiff does not address the substance of those decisions, *see id.* at 7-9.  While Plaintiff references one out-of-Circuit case to argue that Magistrate Judge Moses could have referenced other documents for the information required under Rule 26(a)(2)(C)(ii), Plaintiff does not reference any case law to substantiate her argument that the Order required "undue detail." *Id.* at 8.  Plaintiff has therefore failed to demonstrate that the Order was either clearly erroneous or contrary to law.

Plaintiff's third argument fails because it attempts to make a legal distinction without any logical or legal basis.  *See id.* at 9-10.  Quoting a decision from a court in this District, the Order noted, "Before a treating medical source may opine as to causation, the party calling that medical source as a witness must disclose all of his or her medical records."  Order at 18 (cleaned up).  Plaintiff now argues that Plaintiff should not be required to disclose additional medical records because Dr. Rose will not testify as to what caused Plaintiff's injury.  Obj. at 9.  Rather, he will testify that "the failure to provide a reasonable accommodation 'made worse' the original injury." *Id*.  While Dr. Rose may not be opining on the cause of the original injury, his anticipated testimony regarding the cause of the exacerbation of Plaintiff's existing injury is an opinion as to causation.  This argument is therefore without merit.

Plaintiff also requests the Court to vacate the Order to the extent it conditions Dr. Rose's testimony on the disclosure of additional medical records.  Plaintiff argues that these mandated disclosures are unduly burdensome. *Id.* at 11-12.  Plaintiff further argues that the mandated disclosure regarding Dr. Rose's communications are prohibited by Rule 26(b)(4)(B). *Id.* "However, general and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Fort Worth Employees' Ret. Fund v.*

*J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 102 (S.D.N.Y. 2013) (cleaned up).  Here, Plaintiff's general and conclusory objections that the mandated disclosures are unduly burdensome are certainly insufficient to show that the Order was either clearly erroneous or contrary to law.

Plaintiff's further appeal to Rule 26(b)(4)(B) is misplaced as that rule only "protect[s] drafts of any report or disclosure required under Rule 26(a)(2)." Fed. R. Civ. P. 26(b)(4)(B).  Plaintiff likely intended to cite Rule 26(b)(4)(C), which does protect discovery of communications between a party's attorney and certain expert witnesses.  However, Rule 26(b)(4)(C) is inapposite here as it applies only to expert witnesses "required to provide a report under Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(b)(4)(C).  Since Dr. Rose was only required to provide a disclosure under Rule 26(a)(2)(C), Rule 26(b)(4)(C) by its terms does not apply.  *See Fung-Schwartz v. Cerner Corp.*, No. 17-CV-0233 (VSB) (BCM), 2021 WL 863342, at *2 (S.D.N.Y. Jan. 27, 2021) ("The automatic protection for communications is limited to communications between *an expert witness required to provide a report under Rule 26(a)(2)(B)* and the attorney for the party on whose behalf the witness will be testifying, and does not itself protect communications between counsel and other expert witnesses, such as those for whom disclosure is required [under] Rule 26(a)(2)(C)." (cleaned up)).

Plaintiff did not present her fourth argument to Magistrate Judge Moses.  *Compare* Obj. at 12-13, *with* ECF No. 125 at 1-6.  Accordingly, the Court shall not consider it.

6

## CONCLUSION

Plaintiff's Objection is overruled. The Clerk of Court is directed to terminate ECF No. 130.

SO ORDERED.

Dated: January 14, 2026
      New York, New York

                                      JEANNETTE A. VARGAS
                                      United States District Judge